UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| CHRISTY CORMIER | CIVIL ACTION NO. 07-1383 |
| VS. | JUDGE HAIK |
| POLICE OFFICER KIM FOTI<br>*in his official capacity as a police officer*<br>*for the City of Church Point, and in his*<br>*personal capacity*<br>CITY OF CHURCH POINT | MAGISTRATE JUDGE METHVIN |

*HEIGHTENED PLEADING REVIEW*

In this §1983 civil rights suit, plaintiff has sued Police Officer Kim Foti of the Church Point

Police Department both in his official and personal capacity.  Defendant Foti pleads the defense of

qualified immunity.  The undersigned has therefore conducted an evaluation of plaintiff's complaint

to determine whether it meets the applicable heightened pleading requirement.  *See* <u>Schultea v.</u>

<u>Wood</u>, 47 F.3d 1427, (5th Cir. 1995);[1] <u>Baker v. Putnal</u>, 75 F.3d 190, 195 (5th Cir. 1996).

Plaintiff alleges as follows: on or about August 3, 2006, plaintiff's boyfriend was arrested by

the Church Point Police Department; in the process, Officer Foti took plaintiff between two vehicles

and made her pull her pants and her panties outward for him to look down; Foti then turned plaintiff

around and grabbed her buttocks; plaintiff was then taken to the Church Point police station were

Foti took her in a separate room and made her pull her shirt and bra up so that he could look at her

---

[1] <u>Schultea</u> instructs that when public officials sued in their individual capacities plead qualified immunity in a §1983 case, the district court should "insist that a plaintiff file a reply" under Rule 7(a) Fed.R.Civ.P.  The reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations."  The court may ban discovery to allow the prompt filing of a dispositive motion, unless the court finds "that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.  Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56."  <u>Schultea v. Wood</u>, 47 F.3d 1427, 1433-34.

2

breasts; Foti then made plaintiff take her pants all the way off, including her panties and was then able to look at her vagina.

Plaintiff seeks damages for loss pf physical liberty, illegal search, mental anguish, emotional distress, humiliation, embarrassment, and other damages allowed by law.

Considering the foregoing, the undersigned concludes that plaintiff has "supported [her] claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant['s] conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434.  Plaintiff has therefore met the heightened pleading requirement and no Rule 7(a) Order is necessary in this case. For the same reason, no order limiting discovery under Schultea is appropriate.[2]

Signed at Lafayette, Louisiana, on November 5, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[2] The Fifth Circuit in Schultea stated:

The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity.  The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.  Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

Schultea, 47 F.3d at 1432-34.