UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **CHRISTY CORMIER** | **CIVIL ACTION NO. 07-1383** |
| VS. | JUDGE HAIK |
| **KIM FOTI,** *Individually and in his official capacity as a police officer* **TOWN OF CHURCH POINT** | **MAGISTRATE JUDGE METHVIN** |

*RULING ON MOTION TO COMPEL*
*(Rec. Doc. 33)*

Before the court is a motion to compel and for contempt of court filed by defendant Town of Church Point against non-party Stuller Place and its Sexual Abuse Response Center ("the Center").[1] [Rec. Doc. 33]. Mover seeks an order compelling the custodian of the Sexual Abuse Response Center to comply with a subpoena for medical records related to plaintiff, Christy Cormier. Mover also seeks a recovery of all costs of these proceedings, including reasonable attorney's fees.

Cormier voluntarily provided a medical release form to mover, and does not oppose the motion.

Respondent, Stuller Place, filed a response through Assistant District Attorney J. N. Prather, Jr., of the 15th Judicial District Court [Rec. Doc. 42]. Respondent has also submitted to the court for *in camera* review, copies of the relevant documents.

*Analysis*

Christy Cormier alleges that on August 3, 2006, Officer Kim Foti of the Church Point Police Department committed battery and/or sexual battery against her, and violated her civil

---

[1] "Stuller Place is a 501(c)(3) non-profit agency whose aim is to reduce the trauma experienced by child and adult victims of sexual abuse and sexual assault. All services are confidential and are completed without expense for the clients. Located in Lafayette, LA, Stuller Place provides its services to the parishes of Lafayette, Acadia, Vermilion, Iberia, St. Martin, St. Mary, St. Landry and Evangeline." Stuller Place, "About Us," http://www.stullerplace.com/aboutus.asp, accessed online October 28, 2008.

rights, when he subjected her to strip searches, one of which was allegedly conducted at the police department, in a separate room, with no other officers present. Cormier alleges that her boyfriend, arrested at the same time and for the same alleged offense, was not subjected to such searches.

Defendants seek discovery of all medical notes, charts, reports, x-rays, lab tests, etc., relating to Cormier which are in the hands of the Sexual Abuse Response Center. Cormier has signed a written release of such records.

Respondent, through Assistant D. A. Prather, asserts that there is an ongoing criminal investigation involving Cormier as a victim, and that the records in dispute are privileged until the criminal prosecution is finally adjudicated, citing LSA-R.S. 44:3(A)(1).[2]

The Louisiana Public Records Act, LA. R.S. 44:1, ET SEQ., provides for public access to information concerning state government as it is conducted through its departments and agencies. Fryar v. Guste, 371 So.2d 742 (La.1979). The Act provides for enforcement of this right by writ of mandamus, injunctive, or declaratory relief. LSA-R.S. 44:35. A custodian refusing to allow access to public records must defend his action in a contradictory hearing. Nix v. Daniel, 669 So.2d 573, 575 (La.App. 1st Cir.,1996). The Act was intended to allow citizens reasonable

---

[2] La. R.S. 44:3 provides in pertinent part:

> A. Nothing in this Chapter shall be construed to require disclosures of records, or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety and Corrections, marshals, investigators, public health investigators, correctional agencies, communications districts, intelligence agencies, or publicly owned water districts of the state, which records are:
>
> > (1) Records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled, except as otherwise provided in Subsection F of this Section; * * *

access to documents pertaining to the "manner, basis, and reasons upon which governmental affairs are conducted." Skamangas v. Stockton, 867 So.2d 1009, 1013 (La.App.2nd Cir. 2004). "Laws providing for the examination of public records must be liberally interpreted to extend rather than restrict access to public records." Id.

> The burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian.
>
> As with the constitutional provision, the Public Records Act should be construed liberally, and any doubt must be resolved in favor of the right of access. Angelo Iafrate Const., L.L.C., 03-0892 at p. 13 (La.App.1st Cir.5/14/04), 879 So.2d 250, 260, writ denied, 04-1442 (La.9/24/04), 882 So.2d 1131 (citing Landis v. Moreau, 00-1157, p. 4 (La.2/21/01), 779 So.2d 691, 694-95). The purpose of the Act is to keep the public reasonably informed about how public bodies conduct their business and how the affairs of government are handled. Angelo Iafrate Const., L.L.C., 03-0892 at p. 13, 879 So.2d at 260. * * *

City of Baton Rouge/Parish of East Baton Rouge v. Capital City Press, LLC, ___ So.2d ___ 2008 WL 4539243 (La.App.1 Cir. 10/10/2008).

LSA-R.S. 44:3A(1) specifically excludes from classification as public records those records "pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled."

Respondent describes the criminal matter as "an ongoing criminal investigation." Clearly, this does not rise to the level of "criminal litigation" under LSA-R.S. 44:3A(1):

> "Criminal litigation" means an adversarial contest begun by formal accusation and waged in judicial proceedings in the name of the State, by the district attorney, on the one hand, and against the defendant on the other. Criminal litigation is "pending" when the formal accusation is instituted either by the district attorney (bill of information) or by the grand jury (indictment).

Nix v. Daniel, 669 So.2d at 575 (La.App. 1st Cir.,1996)

The remaining question is whether the investigation constitutes "reasonably anticipated" criminal litigation within the meaning of the statute. Under Louisiana jurisprudence, a pending criminal investigation, standing alone, does not satisfy the test.

> Criminal litigation may be "reasonably anticipated" when the district attorney, who is in charge of criminal prosecutions, concludes that it is probable that an arrest will be made and formal accusation will be instituted in due course against a potential criminal defendant as the criminal investigation progresses. Voelker v. Miller, 613 So.2d 1143, 1144 (La.App. 5th Cir.1993), *citing* Harrison v. Norris, 569 So.2d 585, 589 (La.App. 2nd Cir.), *writ denied*, 571 So.2d 657 (La.1990).

Nix, 669 So.2d at 575.

In the instant case, respondent, through the assistant district attorney, did not satisfy its burden of showing that the records in question fall within the strict terms of the statute. No assertion has been made that it is "probable" that an arrest will be made and that "a formal accusation will be instituted in due course against a potential criminal defendant." Id.

Furthermore, federal common law, not Louisiana law, governs respondent's discovery objections. Fed.R.Evid. 501. "When considering a federal claim, federal courts apply federal common law, rather than state law, to determine the existence and scope of a privilege. Federal courts will, however, consider state policies supporting a privilege in weighing the government's interest in confidentiality." Coughlin v. Lee, 946 F.2d 1152,1159 (5th Cir. 1991) (citing Fed.R.Evid. 501).

Although plaintiff has asserted claims under both federal and state law, "all of the circuits that have directly addressed this issue have held that the federal law of privilege governs on issues of discoverability and/or admissibility" even when the evidence sought is relevant to a pendent state claim. Hinsdale v. City of Liberal, 961 F.Supp. 1490, 1493 (D.Kan.1997) (citing

cases from Second, Third, Sixth, Seventh & Eleventh Circuits), *aff'd*, 981 F.Supp. 1378 (D.Kan.1997); *accord* Walters v. Breaux, 200 F.R.D. 271, 273 (W.D.La.2001) (Tynes, M.J.).

Federal common law recognizes a qualified privilege protecting investigative files in an ongoing criminal investigation or information which would reveal the identity of confidential informants. To determine whether this qualified privilege bars discovery of given documents, the trial court should balance the government's interest in confidentiality against the litigant's need for the documents, considering the ten factors articulated in Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D.Pa.1973). Coughlin , 946 F.2d at 1159-60 (citing LSA-R.S. 44:1. 44:3). Coughlin makes it clear that no blanket privilege exists under federal common law. Id, 946 F.2d at 1159-60; Wilson v. Martin County Hosp. Dist., 149 F.R.D. 553, 555 (W.D.Tex.1993).

"[D]etermining privilege is a 'particularistic and judgmental task' of balancing the 'need of the litigant who is seeking privileged investigative materials ... against the harm to the government if the privilege is lifted.'" In re U.S. Dept. of Homeland Sec., 459 F.3d 565, 570 (5th Cir. 2006), *citing* Dellwood Farms v. Cargill, Inc., 128 F.3d 1122, 1125 (7th Cir.1997).

The Center at Stuller Place, as a non-party resisting discovery, bears the burden of demonstrating the existence of any privilege. Hodges, Grant & Kaufmann v. United States, 768 F.2d 719, 721 (5th Cir.1985). Privileges, as exceptions to the demand for relevant evidence, are strictly construed. Hinsdale, 961 F.Supp. at 1495 (*citing* Unites States v. Nixon, 418 U.S. 683, 710, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). Special caution must be exercised in recognizing a privilege in a civil rights case because "application of the federal law of privilege, rather than state law, in civil rights actions is designed to ensure that state and county officials may not exempt themselves from the very laws which guard against their unconstitutional conduct by

claiming that state law requires all evidence of their alleged wrongdoing to remain confidential." Torres, 936 F.Supp. at 1213; accord Hinsdale, 961 F.Supp. at 1495.

Here, respondent has made no showing, much less a substantial showing, that specific harms are likely to result from disclosure of information contained within the files. As discussed above, the records do not fall within the Louisiana statutory privilege for criminal litigation "reasonably anticipated." Furthermore, any sensitive personal information contained in these files can be protected via entry of a protective order.

Even if respondent had made a threshold showing, application of the Frankenhauser factors, as the Fifth Circuit directed in Coughlin, would dictate in favor of permitting the discovery. These factors are: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intra-departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case. Frankenhauser, 59 F.R.D. at 344.

Applying these factors to defendants' request for information contained within the Center's files, and having conducted an *in camera* inspection, I find that all of the records are relevant should be disclosed subject to a protective order, except that the identity of the alleged perpetrator contained in the middle of the sheet titled "Psychosocial Assessment" (and wherever else it appears) shall be redacted. Any Social Security numbers shall also be redacted.

For the foregoing reasons, **IT IS ORDERED** that, within ten days of entry of this order, Stuller Place shall make the redacted documents available for inspection by defendants' counsel, subject to the protective order contained herein.

**IT IS FURTHER ORDERED** that all records produced by respondent pursuant to this order shall be subject to the following protective order: All information produced in accordance with this order must be kept confidential and used only for purposes of this litigation and must not be disclosed to any one except named parties to this litigation, the parties' counsel of record and experts retained in connection with this litigation. Before reviewing any of the subject information, all persons to whom such information is disclosed must sign an affidavit that must be filed into the record, agreeing to the terms of the protective order and submitting to the jurisdiction of this court for enforcement of those terms. If any party seeks to add other terms to this protective order, counsel must confer immediately and submit by motion any proposed amendment to the protective order.

**IT IS FURTHER ORDERED** that Mr. Prather shall arrange to pick up the files from the undersigned's chambers during regular business hours so that the redaction and production ordered herein may be expeditiously completed.

**IT IS FURTHER ORDERED** that the request for costs and attorney's fees is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this order to J. N. Prather, Jr., Assistant District Attorney, 800 S. Buchanan Street, Lafayette, LA 70501 (337-232-5170).

Signed at Lafayette, Louisiana, on October 28, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)